Thank you. I'd like to reserve two minutes. This case is not an argument about whether you can register with California's Secretary of State under the Uniform Commercial Code to be a sovereign American and therefore be exempt from the federal immigration laws. It is an argument that if someone has a good faith belief that you can register with the Secretary of State under the Uniform Commercial Code, you have a defense to negate the specific intent requirement for reentry. And in addition, I'm arguing that the case of Cheek v. United States could also be extended to this context and therefore the good faith belief does not require that belief be rational or reasonable. The district court in this case explicitly and implicitly rejected both of these arguments. The court said there needed to be a colorable defense before the good faith argument could be brought before the jury. In other words, it seems as though the court was arguing that it was believed that there needed to be a substantive defense. In other words, Mr. Hernandez-Ramirez needed to come up with some legal basis under which these papers Hadn't he been told that the UCC papers did not make him a sovereign American or give him any rights to enter as a citizen? He had been told that they weren't proper, that that wouldn't, when he went to the embassy down, or I don't think it was an embassy, but down in Tijuana, they told him that they wouldn't work to get citizenship. He had been told that they weren't proper for that, but I don't know that he was actually told that this would overcome the requirements of getting consent. I think there's plenty of evidence that Mr. Hernandez-Ramirez really truly believed that these documents were correct and proper and that all he had done is made a typographical error. Why isn't that a mistake of law instead of a mistake of fact? I don't, I don't, I'm not sure that it makes the difference in the context of, say, for instance, the, because he thinks, I'm not sure exactly why. It is that he believes that he is a sovereign American, which means that he believes that is a factual issue. As to what that means is also a legal issue, so it could indeed be a mixed question of fact and law. Well, didn't the district court say he could put in that evidence, but he was also going to instruct on the, you know, the legal significance of the UCC? The court, the evidence went in. I mean, pretty much all of the evidence came in on the government's case, in this particular case. And his attorney wanted to argue, first he wanted a specific intent instruction, which we don't know what it is because it was not in the record. But in addition, he wanted to be able to argue like he had in his opening argument, that Mr. Hernandez-Ramirez had this, this fantasy or this idea or this belief that he could become a sovereign American by filing these papers with his Secretary of State and therefore was able to come into the country. And so he wanted to argue that in his closing argument. That's when they're having the arguments over the jury instructions. And the court said that if you're going to bring that up, if you're going to argue that he had this good faith belief, I don't know if he specifically said good faith belief or the client believed that he was a sovereign American, that I'm going to specifically instruct the jury that he was wrong on the law. It was a rational, it was not a rational type of basis to believe that he was exempt from the law. And so that goes to the second point as to whether or not it has to, if you do agree that there can be a good faith belief, whether or not, and that would be the extension to the Cheek v. United States line of authorities, as to whether or not it had to be reasonable or rational. And I'm making the argument that that line of cases should apply here because the immigration laws, not the 1327 criminal statute, but the actual underlying immigration laws are almost as complex as the IRS code. So this is a logical extension in this particular context. Counsel, would you refresh us again as to exactly what he was advised before he attempted to cross? He was told that he could not get a passport, my understanding is. Now, who told him that? He went to the consulate. He went to the consulate and he presented his papers, and they said that his papers would not work for him being a, for him getting a passport or to obtain entry or the visa or whatever he needed to cross the border legally. Then how could he continue to have a good faith belief that he was a sovereign citizen and that he could enter? I think that really comes down to this, the whole point of the case, is to whether or not the jury actually believed him. That was a factual question. He apparently seemed to. I mean, there's plenty of evidence that he had this belief, he kept persisted in his belief because he showed up right at the border driving a car without any qualm whatsoever, pulled out the same documents and said, hi, I am a sovereign American, and I am entitled to enter the United States. So I think it really came down to the jury properly instructed could have made the decision as to whether he was really in good faith or if he was in fact just pulling a scam, like the government says in their briefs, that he knew that he wasn't legally entitled. That's where Cheek comes in because in Cheek it was the same sort of thing. This person in Cheek in the IRS context had been told over and over and over again that his claim was not proper. And therefore, he, but he was still able to persist in going forward with a defense of good faith, irrational belief. And I think there's a good, there's a requirement that at least on the attempted reentry case, the jury should have been allowed to assess Mr. Hernandez Ramirez's good faith. And so, but you said you let the evidence in, but your objection is really to the legal instruction as to the law. On whether or not, I don't know what the law was tendered, but on whether or not he could argue the good faith, the good faith belief to negate the element, to negate the element of specific intent. You didn't stop him from arguing it. The judge just said, if you argue it, I'm going to tell the jury that even from commercial code, it doesn't have anything to do with immigration. Which would be fine if there was also a jury instruction that said, if the judge had said that, that has absolutely nothing to do with it. That is irrational. That is not legal. However, you are the ones who are to assess whether Mr. Hernandez Ramirez has a good faith belief. Well, what evidence was there that he had a good, did he testify? No. He never got up there and said, I had this good faith belief. So what evidence was there that he had this good faith belief? Well, just the circumstantial evidence that he appeared, you know, he showed up at the border with these documents. Well, why does that show a good faith belief? It shows like he's trying to pull a fast one. It could. But the point is, he persisted in it. Every time he signed something, every time he talked to someone, he said, I am a sovereign American, I'm a sovereign American, I'm a sovereign American. Now, the jury, that very well may be that it's a scam that he was pulling off. But the point is, the jury needed to be able to decide that for themselves. And I don't know if he would have been called to the stand. I don't know. But he, it was for the jury to decide. As you read through this, and if you read through these documents, they don't make any sense. But he certainly does continue to persist in them. Well, except at the trial. Well, at the trial he didn't testify. That's what I'm saying. He never got up and said, gee, this is, I thought I could do this. I see you're in your rebuttal time. Okay. Thank you. Mr. Shepard. Yes, Your Honor. May it please the court, first I would like to start by saying that the judge in no way at the district court prohibited any introduction of evidence like Judge Moskowitz did in the Smith case. Nor did he, as this court has pointed out, prohibit any argument. He simply stated from the beginning that should you make an argument concerning the UCC, I intend to clarify for the jury by instruction to avoid confusion. Not only was that proper, but that should be what we would want a district court judge to do, to provide advance notice that if you go down this path, this is the instruction that is coming, so that you can then take that information and decide what is the best argument to make. Unlike Cheek, this defendant never presented any testimony or evidence, either by testifying himself like the defendant in Cheek did, or by proffering evidence like the defendant in Cheek did, that an attorney advised in the 16th Amendment was not valid. Here the only evidence, the only evidence at all, are the documents themselves that the defendant presented. And those documents in the excerpts of the record in page 97, he had been specifically told, those documents, those mean nothing. They provide no basis for citizenship to the United States. And after being told that by U.S. Embassy, which he himself acknowledges, that the United States government, not the California Secretary of State, controls the ports of entry, he then goes to a port of entry. And the only thing it shows is persistence in attempting to deceive the U.S. government to gain entry to the country. The district court, I believe, was proper when it provided the analogy of the false passport, but I think it even goes one step further. This isn't just someone who presented a false passport or analogizing to that. This would be more akin to saying, I have a false passport. I'm going to go first go to the U.S. Embassy, be told it's false and fraudulent, and then take that same document and go to the port. I believe that nothing was, it wasn't prohibited from making any argument. The trial counsel at the district court level took the admonishment as to what the district court would do to avoid confusion and based his argument in that regard. Unless your honors have any questions, I believe the papers are pretty clear on this. I gather there are no other questions. Mr. Shepard, thank you. Ms. McGannon, you've got about a minute and change left. Okay. Very quickly, just with regard to what the court said before I sat down, I was thinking about it. The Smith-Baltaher case says that there's no real requirement of coming forward with proof in terms of negating the case. So I don't believe that it was necessary. I think that's what Smith-Baltaher exactly said. In Smith-Baltaher, there actually was some evidence that the defendant presented that showed that his mother was a U.S. citizen, including her birth certificate. So he had evidence of the fact that he, of his claim that he was a derivative citizenship, a citizen or that he believed he was a derivative citizen. Well, I agree. But I think the court also then expanded that in Sandoval v. Gonzalez to say that it is not, you know, there's not a massive amount that has to come forward in terms of evidence to show a good faith belief to negate the specific intent and that it's up to the jury to do that. So that would be my only additional argument. Thank you, Ms. McGannon. Thank you, Mr. Shepard. The case just argued is submitted. Good morning. Thank you. Thank you.
judges: Fletcher, Silverman, Wardlaw